FILED
United States Court of Appeals
Tenth Circuit

January 26, 2010

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

DENNI PRASETY TJU,

      Petitioner,

v.

ERIC H. HOLDER, JR., United States
Attorney General,

      Respondent.

No. 08-9588
(Petition for Review)

---

ORDER AND JUDGMENT[*]

---

Before **KELLY**, **PORFILIO**, and **O'BRIEN**, Circuit Judges.

---

Petitioner Denni Prasety Tju seeks review of a Board of Immigration

Appeals (BIA) order that denied his motion to reopen removal proceedings.

Exercising jurisdiction under 8 U.S.C. § 1252, we deny the petition.

Tju is a native and citizen of Indonesia.  He entered the United States

legally in 1997, but overstayed his visa and was placed in removal proceedings in

---

[*]    After examining the briefs and appellate record, this panel has determined
unanimously to grant the parties' request for a decision on the briefs without oral
argument.  *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).  The case is therefore
ordered submitted without oral argument.  This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel.  It may be cited, however, for its persuasive value consistent
with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

November 2001. At a hearing before an Immigration Judge (IJ), he conceded removability, but requested asylum and restriction on removal, claiming a fear of persecution in Indonesia based on his Chinese ethnicity and Catholic religion. The IJ denied relief because Tju's asylum application was untimely and because he concluded that, despite Indonesia's civil unrest, Tju had failed to show that he would be singled out for persecution. Tju appealed the IJ's decision to the BIA, which affirmed in an order dated January 28, 2004. He then filed a petition for review in this court, but that petition was dismissed in October 2004 based on lack of prosecution.

In June 2008, Tju submitted a motion to the BIA seeking to reopen his removal proceedings. Typically, such motions must be filed within ninety days of the BIA's final order of removal, which, in this case, would have been in early 2005. 8 U.S.C. § 1229a(c)(7)(C)(i). But that time limitation does not apply if the motion seeks asylum or restriction on removal based on changed country conditions, and if the motion is supported by evidence that "is material and was not available and could not have been discovered or presented at the previous hearing." 8 C.F.R. § 1003.2(c)(3)(ii); *Wei v. Mukasey*, 545 F.3d 1248, 1251 (10th Cir. 2008). The evidence of changed country conditions must be "materially different" from the evidence adduced at the original hearing. *Wei*, 545 F.3d at 1254. "Cumulative evidence that conditions asserted in the

original application persist[] is not evidence of changed circumstances." *Zhao v. Gonzales*, 440 F.3d 405, 407 (7th Cir. 2005).

Here, the BIA denied Tju's motion as untimely, concluding that he failed to satisfy the exception to the ninety-day deadline because his new evidence demonstrated only a "general escalation of religious tensions and conflicts in certain parts of the country." Admin. R. at 2-3. It did not establish "a material change in circumstances that would warrant a new hearing." *Id.* at 2. This holding was not an abuse of discretion. *See Infanzon v. Ashcroft*, 386 F.3d at 1359, 1362 (10th Cir. 2004) (setting forth standard of review).

The evidence supporting Tju's motion is precisely the type of cumulative evidence that is insufficient to justify the reopening of removal proceedings. He included State Department travel warnings and news articles from 2005 to the present, which, we agree, document an escalation of violence perpetrated by radical Islamist groups in certain parts of the country. But as the BIA noted, the Indonesian government "has prosecuted some of the individuals involved in religiously motivated attacks." Admin. R. at 3. Thus, even if Tju were able to show that he may be targeted, that showing by itself would not entitle him to asylum. *See Hayrapetyan v. Mukasey*, 534 F.3d 1330, 1337 (10th Cir. 2008) (explaining that persecution requires the infliction of suffering or harm "by the government itself, or by a non-governmental group that the government is unwilling or unable to control") (quotation omitted).

Tju also submitted affidavits from his mother and brother, both of whom claim to have been attacked by Muslims in 2006.  But even considering this evidence, we cannot say the BIA abused its discretion.  Beyond his family's fear that he will fall victim to the same violence they did, there is no evidence that Tju personally is at risk.  More accurately, there is no new material evidence.  Tju's initial application for discretionary relief was based on the same allegations of generalized violence and disorder underlying his motion to reopen.  As such, his motion was properly denied.

The petition for review is DENIED.

Entered for the Court

Terrence L. O'Brien
Circuit Judge

-4-